IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

In re: CRUZ-A-LONG ENTERPRISES, LLC, )
) Case No. 15-12903-JDL
) Chapter 11
Debtor(s). )

# DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND RELATED OPERATING PROCEDURES, AND BRIEF IN SUPPORT AND NOTICE AND OPPORTUNITY FOR HEARING

Cruz-A-Long Enterprises, LLC ("Debtor"), Motion for Authority to Use Cash Collateral and Related Operating Procedures, and Brief in Support (the "Motion"), pursuant to the provisions of U.S.C. Section 363 (c)(2)(B) and Bankruptcy Rule 4001(b). In support of this Motion, the Debtor relies on the Declaration of Reginald L. Long, Manager of Debtor, (the "Declaration"). In further support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction to hear and determine this Motion pursuant to 28 U.S.C. Sections 157 and 1334.  This Motion concerns the administration of the Debtor's bankruptcy estate and therefore is a core proceeding pursuant to 28 U.S.C. Sections 157 (b)(2)(A), (D), (K), and (M).

2.   Venue is proper in this Court pursuant to 28 U.S.C. Sections 1408 and 1409.

## FACTUAL BACKGROUND

3. On July 31, 2015, Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United State Code (the "Bankruptcy Code") on the date hereof (the "Petition Date").

4. Since the Petition Date, the Debtor has continued to operate its business pursuant to Bankruptcy Code Sections 1107(a) and 1108. To date, no trustee or examiner has been appointed and no official committees have been established in this case.

5. In order for the Debtor to maintain its current business operation, the Debtor needs to reinvest a portion of its post-petition revenues to pay administrative expenses, regulatory authorities, taxing authorities, normal operating expenses and payroll, as well as to pay the fees and expenses of its professionals in the course of the Debtor's reorganization efforts. Because the needed proceeds, at least in part, constitute "cash collateral" (as defined in Bankruptcy Code Section 363, the Debtors hereby seek authority to use the cash collateral pursuant to Bankruptcy Code Section 363(c)(2).

6. First National Bank & Trust Company, Chickasha, Oklahoma is the only known secured creditor of the Debtor that holds a security interest in the identified Debtor's cash collateral. The identified secured creditor will receive notice of this Motion.

## AUTHORITY

7. Section 363(a) of the Bankruptcy Code defines "Cash Collateral" to mean cash, negotiable instruments, documents of title, securities, deposit accounts or other cash

equivalents whenever acquired, in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property subject to a security interest as provided in Section 552(b) of the Bankruptcy Code, whether arising before or after the commencement of a case under the Bankruptcy Code, *See* 11 U.S.C. Section 363(a).

8. Section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use, sell, or lease cash collateral unless: i) Each entity that has an interest in such cash collateral consents; or (ii) the Court, after notice and hearing, authorizes the use of the cash collateral. *See* 11 U.S.C. Sections 363(c)(2).

9. The Debtor expects to generate substantial post-petition sales and account collections which the Debtor believes when collected, will be necessary to pay ordinary operating expenses.

10. The Debtor's ability to (i) maintain operations, (ii) successfully reorganize, and (iii) eventually repay its secured and unsecured creditors, depends upon the Debtor's ability to immediately use the cash collateral.

## ADEQUATE PROTECTION

11. To adequately protect the interest of the holder of any liens on Debtor's accounts, accounts receivable and cash collection, in the cash collateral, the Debtor proposes the following forms of adequate protection, subject to approval by this Court:

    a. The Debtor shall only expend cash collateral for the items identified as necessary and critical to the businesses continuing its operations; and

      b. The Debtors will provide the identified and allowed creditor with a replacement lien, subject only to proper non-avoidable liens, in some or all of the Debtor's assets, namely post petition cash collateral.

12. The Debtors believe that the adequate protection offered herein sufficiently protects the respective interest in the cash collateral.

## PRAYER FOR RELIEF

WHEREFORE, the Debtors pray that the Court enter its Order (i) authorizing the Debtors' use during the Interim Period of the Cash Collateral, (ii) granting the adequate protection as outlined herein to the extent the Debtors uses the cash collateral as requested in this Motion, and (iii) granting the Debtors such other relief as is proper.

## NOTICE OF OPPORTUNITY FOR HEARING

Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of this request for relief. You should also serve a file stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.
**The 14 day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

CRUZ-A-LONG ENTERPRISES, LLC

By: s/ *O. Clifton Gooding*
     O. Clifton Gooding (OBA #10315)

Of the Firm:

THE GOODING LAW FIRM
A Professional Corporation
650 City Place Building
204 North Robinson Avenue
Oklahoma City, Oklahoma 73102
405.948.1978 – Telephone
405.948.0864 – Facsimile
cgooding@goodingfirm.com – Email

Attorneys for CRUZ-A-LONG ENTERPRISES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September, 2015, a true and correct copy of the above referenced document was electronically served using the CM/ECF system, namely:

Office of the Asst. U.S. Trustee
Angela Caywood Jones, Esq.

I hereby certify that on this 15th day of September, 2015, a true and correct copy of the above referenced document was served via US Mail, posted prepaid, to the parties on the attached matrix.

                    */s/O. Clifton Gooding*
                    O. Clifton Gooding